## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| JACK WOLF, Individually and On Behalf of All Others Similarly Situated, | ) ) ) |
| Plaintiff, | ) ) Case No. _____ |
| v. | ) ) JURY TRIAL DEMANDED |
| BOXWOOD MERGER CORP., STEVE M. KADENACY, DANIEL E. ESTERS, JOSEPH E. REECE, RICHARD A. GADBOIS, and ALAN P. KRUSI, | ) CLASS ACTION ) ) ) ) |
| Defendants. | ) |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. On August 12, 2019, Boxwood Merger Corp.'s ("Boxwood") Board of Directors (the "Board" or "Individual Defendants") caused Boxwood to enter into an agreement (the "Agreement") with Atlas TC Holdings, LLC, Atlas TC Buyer LLC, Atlas Intermediate Holdings LLC, and Atlas Technical Consultants Holdings LP (collectively, "Atlas"). As set forth in greater detail below, pursuant to the terms of the Agreement, Atlas will become a wholly-owned indirect subsidiary of Boxwood (the "Proposed Transaction").

2. On November 12, 2019, defendants filed a proxy statement (the "Proxy Statement") with the United States Securities and Exchange Commission ("SEC"), which recommends that Boxwood's stockholders vote to approve the Proposed Transaction at a special meeting of stockholders scheduled for December 12, 2019.

3. As set forth below, the Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

5. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

6. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

7. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Boxwood common stock.

8. Defendant Boxwood is a Delaware corporation and maintains its principal executive offices at 8801 Calera Drive, Austin, Texas 78735. Boxwood's common stock is traded on the NASDAQ Global Select Market under the ticker symbol "BMWC."

9. Defendant Steve M. Kadenacy is Chief Executive Officer and Chairman of the Board of Boxwood.

10. Defendant Daniel E. Esters is Chief Financial Officer and a director of Boxwood.

11. Defendant Joseph E. Reece is a director of Boxwood.

12. Defendant Richard A. Gadbois is a director of Boxwood.

13. Defendant Alan P. Krusi is a director of Boxwood.

14. The defendants identified in paragraphs 9 through 13 are collectively referred to herein as the "Individual Defendants."

## CLASS ACTION ALLEGATIONS

15. Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Boxwood (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

16. This action is properly maintainable as a class action.

17. The Class is so numerous that joinder of all members is impracticable. There are approximately 25,250,000 shares of Boxwood common stock outstanding, of which 20,000,000 are outstanding public shares, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

18. Questions of law and fact are common to the Class, including, among others, whether defendants violated the Exchange Act and whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

19. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

20. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

21. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

*Background of Boxwood and the Proposed Transaction*

22. Boxwood is a blank check company that was formed for the purpose of effecting a merger, capital stock exchange, asset acquisition, stock purchase, reorganization, or similar business combination with one or more businesses.

23. On August 12, 2019, the Individual Defendants caused Boxwood to enter into the Agreement.

24. As summarized in the press release announcing the Proposed Transaction:

Boxwood Merger Corp. (Nasdaq: BWMC, BWMCU and BWMCW) ("Boxwood"), a publicly-traded special purpose acquisition company, and Atlas Intermediate Holdings LLC ("Atlas") (combined together with Boxwood, the "Company"), a leading provider of professional testing, inspection, engineering and consulting services, announced today that they have entered into a definitive agreement whereby Atlas will become a wholly-owned indirect subsidiary of Boxwood. Atlas is currently a portfolio company of Bernhard Capital Partners ("Bernhard Capital"). The new company will be well-positioned to benefit from favorable tailwinds, including the growing need to inspect, service, repair and invest in U.S. infrastructure.

Immediately following the proposed transaction, Boxwood intends to change its name to Atlas Technical Consultants, Inc. ("Atlas Technical") and its shares of Class A common stock are expected to continue to be listed on The Nasdaq Stock

Market under the ticker symbol "ATCX." Bernhard Capital and the Atlas management team will retain a significant equity stake in Atlas Technical at the closing of the proposed transaction. . . .

Transaction Summary

The transaction reflects an implied enterprise value at closing of $709.5 million for the Company, based on current assumptions, excluding the net present value of an anticipated tax benefit of $55 million. Upon the closing of the proposed transaction, Boxwood will be reorganized in an "Up-C" structure. The cash component of the purchase price to be paid to the existing Atlas equity holders is expected to be funded by Boxwood's cash in trust and debt financing, for which a commitment has been obtained. The balance of the consideration payable to the existing Atlas equity holders will consist of rollover equity in the Company and a subsidiary thereof to facilitate the company's "Up-C" structure. Bernhard Capital and the Atlas management team will remain investors by rolling over significant equity into the Company and such subsidiary.

The boards of directors of both Boxwood and Atlas have approved the proposed transaction. Completion of the proposed transaction is subject to Boxwood stockholder approval and other customary closing conditions. The parties expect that the proposed transaction will be completed in the fourth quarter of 2019.

Advisors

Greenhill & Co. and Macquarie Capital are acting as financial advisors to Boxwood and BofA Merrill Lynch, Morgan Stanley, Macquarie Capital and Helena Capital Advisors are acting as capital markets advisors to Boxwood. Boxwood has secured committed debt financing for the transaction from Macquarie Capital and Natixis. Winston & Strawn LLP and Atrium LLP are serving as legal advisors to Boxwood and Kirkland & Ellis LLP is acting as legal advisor to Atlas.

### *The Proxy Statement Omits Material Information*

25.     Defendants filed the Proxy Statement with the SEC, which recommends that Boxwood's stockholders vote to approve the Agreement and Proposed Transaction at a special meeting of stockholders scheduled for December 12, 2019.

26.     Additionally, as set forth in the Proxy Statement, Boxwood's public stockholders must decide whether to submit requests to redeem all or a portion of their public shares for cash if the Proposed Transaction is consummated.

27.     However, as set forth below, the Proxy Statement omits material information. Accordingly, Boxwood's stockholders are unable to decide whether to approve the Proposed Transaction and whether to redeem their shares for cash.

28.     With respect to Atlas's financial projections, the Proxy Statement fails to disclose: (i) all line items used to calculate adjusted EBITDA and free cash flow; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

29.     The Proxy Statement fails to disclose a fair summary of any financial analyses the Individual Defendants considered and relied upon in coming to their decision to approve the Proposed Transaction, including any analyses performed by Boxwood's financial advisors, Greenhill & Co. ("Greenhill") and Macquarie Capital ("Macquarie").

30.     The Proxy Statement fails to disclose the terms of Greenhill's engagement.  For example, the Proxy Statement fails to disclose the amount of compensation Greenhill has received or will receive in connection with its engagement, as well as the amount of Greenhill's compensation that is contingent upon the consummation of the Proposed Transaction.  Further, the Proxy Statement fails to disclose whether Greenhill has performed past services for any parties to the Agreement or their affiliates, as well as the timing and nature of such services and the amount of compensation received by Greenhill for providing such services.  The Proxy Statement fails to disclose the nature of Greenhill's "existing relationship with Mr. Bernhard, Mr. Murdoch's and Mr. Kadenacy's existing relationships with Steve Cruise at Greenhill and Greenhill's knowledge of Atlas' industry."

31.     The Proxy Statement fails to disclose the amount of Macquarie's compensation that is contingent upon the consummation of the Proposed Transaction.

32. The Proxy Statement fails to disclose the timing and nature of the past services Macquarie provided to the parties to the Agreement or their affiliates, and the amount of compensation received by Macquarie for providing such services.

33. The Proxy Statement fails to disclose the timing and nature of all communications regarding Macquarie providing financing in connection with the Proposed Transaction.

34. The Proxy Statement fails to disclose the terms of the engagement of Boxwood's additional advisors, BofA Merrill Lynch, Morgan Stanley, and Helena Advisors (the "Additional Advisors"), including: (i) the amount of compensation the Additional Advisors have received or will receive in connection with their engagements; (ii) the amount of the Additional Advisors' compensation that is contingent upon the consummation of the Proposed Transaction; (iii) whether the Additional Advisors have performed past services for any parties to the Agreement or their affiliates; (iv) the timing and nature of such services; and (v) the amount of compensation received by the Additional Advisors for providing such services.

35. The Proxy Statement fails to disclose the terms of any confidentiality agreements executed by Boxwood during the process leading up to the execution of the Agreement.

36. The Proxy Statement fails to disclose the terms and values of the indications of interest submitted by Boxwood to nine companies.

37. The Proxy Statement fails to disclose the timing and nature of all communications regarding the future employment and directorship of Boxwood's officers and directors, including who participated in all such communications.

38. The omission of the above-referenced material information renders the Proxy Statement false and misleading.

39. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to Boxwood's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Boxwood

40. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

41. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Boxwood is liable as the issuer of these statements.

42. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within Boxwood, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

43. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

44. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

45. The Proxy Statement is an essential link in causing plaintiff to approve the Proposed Transaction.

46.     By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

47.     Because of the false and misleading statements in the Proxy Statement, plaintiff is threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants

48.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

49.     The Individual Defendants acted as controlling persons of Boxwood within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as officers and/or directors of Boxwood and participation in and/or awareness of Boxwood's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of Boxwood, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

50.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

51.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of Boxwood, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.  The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved

in the making of the Proxy Statement.

52. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

53. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury on all issues so triable.

Dated: November 22, 2019  **RIGRODSKY & LONG, P.A.**

By: */s/ Gina M. Serra*
Seth D. Rigrodsky (#3147)
Brian D. Long (#4347)
Gina M. Serra (#5387)
300 Delaware Avenue, Suite 1220
Wilmington, DE 19801
Telephone: (302) 295-5310
Facsimile: (302) 654-7530
Email: sdr@rl-legal.com
Email: bdl@rl-legal.com
Email: gms@rl-legal.com

**OF COUNSEL:**

**RM LAW, P.C.**
Richard A. Maniskas
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
Telephone: (484) 324-6800
Facsimile: (484) 631-1305
Email: rm@maniskas.com

*Attorneys for Plaintiff*